**William CRAIG, et al., Plaintiffs,**

v.

**CITY OF CHATTANOOGA, TENNESSEE, Defendant.**

No. 1:93–CV–504.

United States District Court, E.D. Tennessee, at Chattanooga.

Jan. 8, 1996.

Gary David Lander, Bruce C. Bailey, Michael J. Mahn, Chambliss & Bahner, Chattanooga, TN, for plaintiffs.

Joe E. Manuel, Nelson, McMahan, Parker & Noblett, Chattanooga, TN, William S. Parker, Jr., Nelson, McMahan, Parker & Noblett, Chattanooga, TN, for defendant.

## MEMORANDUM

COLLIER, District Judge.

Before the Court are the following motions: plaintiffs' Motion for Summary Judgment (Court File No. 45), Motion for Partial Summary Judgment in Favor of Defendant City of Chattanooga (Court File No. 50), Objection of Defendant City of Chattanooga to Certain Evidence Submitted in Support of Plaintiff's Motion for Summary Judgment (Court File No. 55), and plaintiffs' Motion to Strike the Affidavit of Jerry Evans (Court File No. 58). For the reasons that follow, the Court will DENY both motions for summary judgment, OVERRULE the objection by defendant to certain evidence, and DENY plaintiffs' motion to strike the affidavit of Jerry Evans.

## I. BACKGROUND

This case was initiated by a complaint filed on December 2, 1993 by several named plaintiffs (Plaintiffs) who were employed as paramedics or emergency medical technicians by the City of Chattanooga (Complaint, Court File No. 1). Plaintiffs brought this action alleging violations on the part of the defendant City of Chattanooga of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a). According to the complaint, Plaintiffs are all either paramedics or emergency medical technicians that were regularly assigned to ambulances or are firefighters who spent more than twenty percent (20%) of their time assigned to ambulances. The complaint also alleges that the City of Chattanooga has adopted the limited overtime exemption set out in 29 U.S.C. § 207(k) for employees engaged in law enforcement or fire protection activities. Plaintiffs allege they are not employees engaged in "fire protection activity" and are due overtime pay for hours worked in excess of forty (40) hours per week. Alternatively, Plaintiffs allege if they are engaged in fire protection activities, they are due overtime pay in that they spent more than twenty percent (20%) of their time in non-exempt activities. Additional plaintiffs were added to the case subsequent to the complaint being filed.

On December 22, 1993, the defendant answered the complaint (Court File No. 10). In its answer, the city denied Plaintiffs were covered by the overtime provisions of the Fair Labor Standards Act and denied any plaintiffs are entitled to overtime pay pursuant to the FLSA. The defendant also denies all of the plaintiffs who were firefighters spent more than twenty percent (20%) of their time assigned to working on ambulances operated by the city. The defendant admits it adopted the limited overtime exemption in section 207(k) for employees engaged in law enforcement and/or fire protection activities.

On November 15, 1995, Plaintiffs filed their motion for summary judgment. Plaintiffs argue the emergency medical services employees do not fall within the partial overtime exemption provided for in the FLSA for firefighting employees, 29 U.S.C. § 207(h). They also argue the defendant cannot establish the emergency medical services employees were an integral part of the Chattanooga

Fire Department pursuant to the regulations enforcing the FLSA, specifically 29 C.F.R. § 553.215. Here, they argue under the two-prong standard for determining whether such employees are an integral part of a fire department, the city cannot show (1) that emergency medical services employees were trained to extricate or rescue victims, and (2) emergency medical services employees were not regularly dispatched on calls to fires, crime scenes, natural disasters, riots and automobile accidents. Additionally, they argue the city cannot establish its entitlement to the exemption because the emergency medical services employees spent more than twenty percent (20%) of their work hours in non-exempt activities in contravention of 29 C.F.R. § 553.212.

The defendant opposes Plaintiffs' motion for summary judgment in their Response to Plaintiffs' Motion for Summary Judgment (Court File No. 54). In its opposition, the defendant contests the factual basis for plaintiffs' motion. Defendant relies on the affidavit of Chattanooga Fire Department Chief Jerry Evans, and the affidavit of the Safety and Public Information Officer for the Fire Department, Jim Mac Coppinger (Court File No. 52). Defendant points to statements in Chief Evans' affidavit which they argue establishes that emergency medical services employees were an integral part of the fire department. The statements in Chief Evans' affidavit say these employees were regularly dispatched to fires, crime scenes, riots, natural disasters and accidents. The affidavit also states these employees were trained in the rescue of fire, crime and accident victims. Defendant argues there are genuine issues of material fact precluding summary judgment in favor of plaintiffs.

On November 22, 1995, defendant filed its Motion for Partial Summary Judgment in Favor of Defendant City of Chattanooga. In its motion, the defendant seeks summary judgment on two issues: (1) its entitlement to the partial exemption set forth in section 207(k), and (2) limitation of its liability for overtime pay to the plaintiffs only for those work periods in which the plaintiffs exceeded twenty percent (20%) of their time doing non-exempt work. In support of its motion for summary judgment, defendant relies on the affidavits of Chattanooga Fire Department Chief Jerry Evans (Court File No. 53) and Jim Coppinger (Court File No. 52).

On December 15, 1995, plaintiffs filed their response to defendant's motion for partial summary judgment (Court File No. 56).

## II. *SUMMARY JUDGMENT STANDARD*

Under *Fed.R.Civ.P.* 56(c), the Court will render summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists, *Lansing Dairy, Inc. v. Espy,* 39 F.3d 1339, 1347 (6th Cir. 1994); *Kentucky Div., Horsemen's Benev. & Prot. Assoc., Inc. v. Turfway Park Racing Assoc., Inc.,* 20 F.3d 1406, 1411 (6th Cir. 1994), and the Court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Oakland Gin Co., Inc. v. Marlow,* 44 F.3d 426, 429 (6th Cir. 1995); *City Management Corp. v. U.S. Chemical Co., Inc.,* 43 F.3d 244, 250 (6th Cir.1994).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party may not rest on its pleadings but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Lansing Dairy,* 39 F.3d at 1347; *Horsemen's Benev.,* 20 F.3d at 1411. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question but does not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435–36 (6th Cir. 1987). The standard for summary judgment mirrors the standard for directed verdict. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.; Lansing Dairy,* 39 F.3d at 1347; *Horsemen's Benev.,* 20 F.3d at 1411.

## III. *DISCUSSION*

After reviewing the pleadings of the parties, reading the deposition testimony submitted, reading the affidavits of witnesses, and considering the applicable law and Rule 56, the Court, on the record before it, cannot say there are no genuine issues as to material fact.

The starting point for the Court's analysis is the decision of the Sixth Circuit in *Justice v. Metropolitan Govt. of Nashville,* 4 F.3d 1387 (6th Cir.1993). In *Justice,* the court reviewed a district court decision granting summary judgment to the defendant, Metropolitan Government of Nashville, Davidson County, Tennessee in a case similar to the one *sub judice.* The court thoroughly examined the applicability of section 207(k) to employees performing rescue and ambulance activity. It reviewed the plain language of section 207(k), the legislative history, and the regulations adopted to enforce the statute, as well as regulatory interpretations of the regulations. Based upon its analysis, the court reversed the district court's summary judgment decision. In doing so, it found the district court did not have before it sufficient facts to determine whether the plaintiffs in that case met the "trained to rescue" requirement set out in the opinion, nor the "regularly dispatched" requirement. The circuit court also found the district court had

not made a factual determination as to whether the plaintiffs spent more than twenty percent (20%) of their time on non-exempt activities.

This Court is bound by *Justice* and must scrupulously follow its dictates. *Justice* requires the defendant to carry the burden of proving the plaintiffs are employees in fire protection activities. *Id.* at 1392. The Court must construe the classification of these employees strictly against the defendant. *Id.* The determination of whether the employees were correctly classified is a matter of substance and not form, i.e., the question "depends on the character of their responsibilities and tasks, not on their job titles or places of work." *Id.*

While the Court is not bound by them, the Court has also considered cases from other circuits addressing this issue. *Alex v. City of Chicago,* 29 F.3d 1235 (7th Cir.1994) *cert. denied,* —— U.S. ——, 115 S.Ct. 665, 130 L.Ed.2d 599; *O'Neal v. Barrow County Bd. of Commissioners,* 980 F.2d 674 (11th Cir. 1993); *Spires v. Ben Hill County,* 980 F.2d 683 (11th Cir.1993); *Bond v. City of Jackson,* 939 F.2d 285 (5th Cir.1991).

The parties have urged these cases in support of their respective positions. They have also relied upon certain language from these cases in their arguments that judgment should be rendered in their favor. To the extent that these decisions have been either expressly approved by the Sixth Circuit in *Justice,* or the decisions are consistent with *Justice,* this Court will follow those decisions also.

After considering the above cases, the statute itself, the regulations, the regulatory opinions, the record as it stands now, and the pleadings of the parties, this Court is precluded from determining that there is no genuine issue as to the facts regarding the training the emergency medical services employees of the City of Chattanooga received, whether these employees were regularly dispatched to the scenes referred to in the regulations, what specifically the plaintiffs in this case were trained to do, or were required to do, in the performance of their duties, and what percentage of their time they spent on exempt and/or non-exempt

duties. The record in this case is insufficient for the Court to render summary judgment in favor of either side. Accordingly, the Court will **DENY** the motions for summary judgment.

In view of the Court's decision, the Court will also **OVERRULE** the objection to certain evidence argued by the plaintiffs in their motion for summary judgment. By the same token, the Court will **DENY** the motion of plaintiffs to strike the affidavit of Jerry Evans.

An Order will enter.

### ORDER

For the reasons set forth in the accompanying memorandum, the Court hereby **DENIES** plaintiffs' motion for summary judgment (Court File No. 45), **DENIES** the defendant's motion for partial summary judgment (Court File No. 50), **OVERRULES** defendant's objections to certain evidence submitted in support of plaintiffs' motion for summary judgment (Court file No. 55), and **DENIES** plaintiffs' motion to strike the affidavit of Jerry Evans (Court File No. 58).

**SO ORDERED.**